# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

ANESH GUPTA,

        Plaintiff,

v.                                        Case No:  6:12-cv-1097-Orl-36TBS

LANA L. VAHAB, J. MAX WEINTRAUB,
ASSISTANT DIRECTOR OFFICE OF
IMMIGRATION LITIGATION UNITED
STATES DEPARTMENT OF JUSTICE,
DIRECTOR OFFICE OF IMMIGRATION
LITIGATION, UNITED STATES
DEPARTMENT OF JUSTICE, TONY
WEST, UNITED STATES ATTORNEY
GENERAL, SECRETARY, UNITED
STATES DEPARTMENT OF
HOMELAND SECURITY, DIRECTOR,
UNITED STATES CITIZENSHIP &
IMMIGRATION SERVICES (USCIS) and
FIELD OFFICE DIRECTOR, ORLANDO
FIELD OFFICE, UNITED STATES
CITIZENSHIP & IMMIGRATION
SERVICES USCIS,

        Defendants.
_____/

## ORDER

This cause comes before the Court upon the Report and Recommendation filed by Magistrate Judge Thomas B. Smith on September 14, 2012 (Doc. 5).  In the Report and Recommendation, Judge Smith recommends that the Court deny *pro se* Plaintiff Anesh Gupta's ("Plaintiff") Motion for Leave to Proceed *In Forma Pauperis* (Doc. 2), because Plaintiff has failed to state a claim upon which relief can be granted.  Doc. 5, p. 7.  On September 18, 2012, Plaintiff filed an Objection to the Report and Recommendation (Doc. 6).  As such, this matter is ripe for review.

## BACKGROUND

On June 19, 20012, Plaintiff, a citizen of India, and his wife, a United States citizen, submitted an I-485 application for adjustment of status and I-130 Petition for alien relative to the United States Citizenship and Immigration Services ("USCIS") Chicago Office.  Doc. 5, p. 1; *see Gupta v. United States Attorney General*, Case No. 6:11-cv-935, Doc. 13.  USCIS denied Plaintiff's application, finding that his marriage was "a sham versus a good faith relationship as required by regulations."  Case No. 6:11-cv-935, Doc. 1-Ex. 1, p. 16.  Due to the denial of his I-485 application, Plaintiff was no longer authorized to work or remain in the United States.  *See* Case No. 6:10-cv-280, Doc. 31-Ex. 1, p. 8.  Department of Homeland Security ("DHS") removal proceedings against Plaintiff are ongoing.  *Gupta v. United States Attorney General et. al.*, Case No. 6:10-cv-861, Doc. 33-Ex. 1.

Since the commencement of Plaintiff's removal proceedings, he has filed at least fifteen cases in federal court related to his immigration status.  Doc. 5, p. 2, n.3.[1]  The instant case arises from a presently stayed action, Case No. 6:10-cv-279-MSS-KRS ("279 Action").  *Id.*, p. 2.  In the 279 Action, Plaintiff challenged the denial of his visa petition and asked the court to compel defendants to approve his petition.  The Court issued an order staying the 279 Action pending the resolution of Plaintiff's removal proceedings ("Stay Order").  Case No. 6:10-cv-279, Doc. 53, p. 2.  The Court denied Plaintiff's Motion to set aside the Stay Order because a party can only seek relief from a final judgment.  *Id.*, Doc. 76; *see* Fed. R. Civ. P. 60(b).

In this action, Plaintiff alleges that Defendants committed fraud by fabricating an official administrative record filed in the 279 Action.  Doc. 1.  Plaintiff argues that Defendants' actions interfered with his access to the courts, alleging violations of the First and Fifth Amendments

---

[1] The Report and Recommendation provides a list of the cases Plaintiff has filed regarding his immigration status.  *See* Doc. 5, p. 2, n. 3.

based upon *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). *Id.* ¶¶ 21-26. On July 16, 2012, Plaintiff filed a Motion for Leave to Proceed *In Forma Pauperis*. Doc. 2. On September 14, 2012, Magistrate Judge Smith issued a Report and Recommendation (Doc. 5), to which Plaintiff filed a timely Objection (Doc. 6).

## STANDARD

When a party makes a timely and specific objection to a finding of fact in a report and recommendation, the district court should make a *de novo* review of the record with respect to the factual issues. 28 U.S.C. § 636(b)(1); *U.S. v. Raddatz*, 447 U.S. 667, 674 (1980); *Jeffrey S. v. State Board of Education of State of Georgia*, 896 F.2d 507, 512 (11th Cir. 1990). Federal Rule of Civil Procedure 72(b)(2), in pertinent part, provides that "a party may serve and file specific written objections to the proposed findings and recommendations." Once a timely objection to the Report and Recommendation is made, the district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The district judge may accept, reject, or modify in whole or in part, the report and recommendation of the magistrate judge. Fed. R. Civ. P. 72(b)(3). The district judge may also receive further evidence or recommit the matter to the magistrate judge with further instructions. *Id.*

## ANALYSIS

In his Report and Recommendation, Magistrate Judge Smith explains why Plaintiff's claim lacks merit and must be dismissed. First, because the Court in the 279 Action has not yet considered Plaintiff's allegations of fraud or issued a final judgment, accepting Plaintiff's claim in this action would allow him to collaterally attack the Stay Order. Doc. 5, p. 4; (citing *Hindman v. Healy*, 278 F. App'x 893, 895 (11th Cir. 2008) ("In the interest of finality and

3

consistency, the Supreme Court has generally declined to expand opportunities for collateral attack")).

In his Objection, Plaintiff contends that the Magistrate Judge misinterpreted his Complaint, stating that his "access claim relates to interference with his ability to pursue the legitimate grievance against the federal defendants in case no. 6:10-cv-279-Orl-MSS-KRS before this Honorable Court." Doc. 6, p. 2. Plaintiff argues that his claim involves the type of "forward looking" access claim permitted in *Christopher v. Harbury*, 536 U.S. 403 (2002). *Id.*, pp. 3-4. However, the Supreme Court in *Harbury* does not sanction the collateral attack contemplated by Plaintiff for either category of access claim.[2] *Harbury*, 536 U.S. at 413-15. In "forward-looking" cases, the category in which Plaintiff argues his claim falls, "the essence of the access claim is that official action is presently denying an opportunity to litigate for a class of potential plaintiffs" and "the object of the denial-of-access suit, and the justification for recognizing that claim, is to place the plaintiff in a position to pursue a separate claim for relief once the frustrating condition has been removed." *Id.* at 413. Plaintiff's claim is that the Defendants here submitted a fabricated administrative record in the stayed 279 Action. *See* Doc. 6. Plaintiff does not allege a systemic official action that is frustrating his future claims. To the contrary, he alleges wrongdoing in one instance of his current litigation. The Court agrees with the Magistrate Judge's finding that it would be inappropriate to permit such a collateral attack while the 279 Action is stayed.

---

[2] The first "category" of access cases involves claims that systemic official action frustrates a plaintiff from effectively filing a suit, such as by preventing a prisoner from access to a law library to prepare his case. *Harbury*, 536 U.S. at 413. In contrast, the second category covers specific cases that cannot now be litigated because the official acts claimed to have denied access may have caused the loss or inadequate settlement of a meritorious case. *Id.* Such a loss of an opportunity to sue occurs, for example, when a police cover-up extends through a statute of limitations period. *Id.*, at 15.

4

Second, the Magistrate Judge concluded that Plaintiff has failed to allege a *Bivens* claim. *Id.*, p. 5. To allege a *Bivens* claim, a claimant must show that he was deprived of a federal right by an official acting under the color of law. *Leonard v. F.B.I.*, 405 F. App'x 386, 387 (11th Cir. 2010); *Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995). Plaintiff must allege his underlying right of access claim in accordance with the Federal Rules of Civil Procedure. *Harbury*, 536 U.S. at 417. Plaintiff's statement that Defendants submitted a fabricated administrative record in the 279 Action, without any identifying factual allegations, does not sufficiently allege the deprivation of a federal right. Doc. 1; Fed. R. Civ. P. 8(a); *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (mere naked assertions are insufficient to state a claim for relief). In addition, Plaintiff has not identified a distinct injury resulting from Defendants' allegedly fraudulent filing. Rather, Plaintiff appears to be claiming general injury resulting from the denial of his visa application. *See* Doc. 1, ¶ 22 (Plaintiff alleges that he suffers "irreparable harm, loss of enjoyment of life, severe financial and opportunity losses, mental anguish and pain, and now also fears persecution in certain countries of the world."). The Court agrees with the Magistrate Judge's finding that Plaintiff has failed to allege an underlying cause of action and cannot identify a distinct injury given that the 279 Action is pending.[3] Doc. 5, p. 5.

Third, the Magistrate Judge explained that in a *Bivens* action, similar to actions brought pursuant to 42 U.S.C. § 1983, liability for supervisors cannot be based upon a theory of *respondeat superior*, and supervisory defendants can only be liable if they participate in the violation or if their actions caused the violation. *Id.*, p. 6; *Leonard*, 405 F. App'x at 387;

---

[3] Plaintiff's attempt to argue that he has properly alleged a *Bivens* claim against the Defendants named in the 279 Action, is unpersuasive. Doc. 6, p. 6. He maintains that this action is about those individuals' submission of a fabricated administrative record in the 279 Action, but provides no factual allegation that any of the named, or unnamed supervisory Defendants personally participated in such a submission. *Id.*; see Doc. 1.

5

*Gonzalez v. Reno*, 325 F.3d 1228, 1234 (11th Cir. 2003). Plaintiff brings his claims against three named individuals and many Defendants identified by their titles only. Doc 1.[4] The Court agrees with the Magistrate Judge that Plaintiff has not alleged facts describing any individual Defendant's actions or facts that, if true, would demonstrate that they were personally responsible for the alleged violation. Thus, Plaintiff's claims against the unidentified Defendants in supervisory roles must be dismissed.

Finally, the Magistrate Judge recommends dismissing Plaintiff's Complaint with prejudice because granting leave to amend would be futile. Doc. 5, pp. 6-7. In his Objection, Plaintiff requests leave to amend his Complaint. Doc. 6, p. 9. Plaintiff has conceded that his removal proceedings are ongoing. *See Gupta v. United States Attorney General*, Case No. 6:12-cv-753, Doc. 1, ¶ 11.[5] In the Stay Order, the Court explained that it was staying the 279 Action because of Plaintiff's ongoing removal proceedings. *See* 6:10-cv-279, Doc. 53 ("As the removal proceeding and the case at bar [about the denial of Plaintiff's visa petition] are closely related, the Court finds it prudent to stay its consideration of this matter until the conclusion of Plaintiff's removal proceedings.") Therefore, even if Defendants indeed filed a fraudulent administrative record in the 279 Action, as Plaintiff claims, it could not have interfered with Plaintiff's access to the courts because his action is indeed pending, and was explicitly stayed for another reason. *Id.*; Doc. 5, p. 7. Thus, the Court agrees with the Magistrate Judge that even accepting Plaintiff's allegations as true, he has no claim for relief.

---

[4] Assistant Director, Office of Immigration Litigation, DOJ; Director, Office of Immigration Litigation, DOJ; United States Attorney General; Secretary, United States Department of Homeland Security; Director United States Citizenship and Immigration Services; Field Office Director, Orlando Field Office, United States Citizenship and Immigration Services.

[5] ("Plaintiff's removal proceedings are pending which are in Masters hearing stage and no Individual hearing date is yet scheduled. The next Masters hearing date is set for October 16, 2012").

Therefore, after careful consideration of the Report and Recommendation of the Magistrate Judge, in conjunction with an independent examination of the file, the Court is of the opinion that the Magistrate Judge's Report and Recommendation should be adopted, confirmed, and approved in all respects.

Accordingly, it is hereby **ORDERED and ADJUDGED**:

1. The Report and Recommendation of the Magistrate Judge (Doc. 5) is adopted, confirmed, and approved in all respects and is made a part of this order for all purposes, including appellate review.

2. Plaintiff Anesh Gupta's Motion for Leave to Proceed *In Forma Pauperis* (Doc. 2) is **DENIED.**

3. This action is **DISMISSED** with prejudice. The clerk is directed to terminate all pending motions and close this file.

**DONE** and **ORDERED** in Orlando, Florida on October 3, 2012.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

**Copies furnished to:**
Counsel of Record
Unrepresented Parties
U.S. Magistrate Judge Thomas B. Smith