**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

ANESH GUPTA,

            Plaintiff,

v.                                          Case No:  6:12-cv-1097-Orl-36TBS

LANA L. VAHAB, J. MAX WEINTRAUB,
ASSISTANT DIRECTOR OFFICE OF
IMMIGRATION LITIGATION UNITED
STATES DEPARTMENT OF JUSTICE,
DIRECTOR OFFICE OF IMMIGRATION
LITIGATION, UNITED STATES
DEPARTMENT OF JUSTICE, TONY
WEST, UNITED STATES ATTORNEY
GENERAL, SECRETARY, UNITED
STATES DEPARTMENT OF
HOMELAND SECURITY, DIRECTOR,
UNITED STATES CITIZENSHIP &
IMMIGRATION SERVICES (USCIS) and
FIELD OFFICE DIRECTOR, ORLANDO
FIELD OFFICE, UNITED STATES
CITIZENSHIP & IMMIGRATION
SERVICES USCIS,

            Defendants.
_____/

**<u>ORDER</u>**

      This cause comes before the Court upon the Report and Recommendation filed by

Magistrate Judge Thomas B. Smith on October 24, 2012 (Doc. 11).   In the Report and

Recommendation, Judge Smith finds that *pro se* Plaintiff Anesh Gupta's ("Plaintiff") appeal

lacks any arguable merit and recommends that his Motion for Leave to Proceed *In Forma*

*Pauperis* (Doc. 9) be denied.  Doc. 11, p. 6.  On October 29, 2012, Plaintiff filed an Objection to

the Report and Recommendation (Doc. 12).  As such, this matter is ripe for review.

## I.    <u>BACKGROUND</u>

On June 19, 20012, Plaintiff, a citizen of India, and his wife, a United States citizen, submitted an I-485 application for adjustment of status and I-130 Petition for alien relative to the United States Citizenship and Immigration Services ("USCIS") Chicago Office.  Doc. 11, p. 2; *see Gupta v. United States Attorney General*, Case No. 6:11-cv-935, Doc. 13.  USCIS denied Plaintiff's application, finding that his marriage was "a sham versus a good faith relationship as required by regulations."  Case No. 6:11-cv-935, Doc. 1-Ex. 1, p. 16.  Due to the denial of his I-485 application, Plaintiff was no longer authorized to work or remain in the United States.  *See* Case No. 6:10-cv-280, Doc. 31-Ex. 1, p. 8.  Department of Homeland Security ("DHS") removal proceedings against Plaintiff are ongoing.  *Gupta v. United States Attorney General et al.*, Case No. 6:10-cv-861, Doc. 33-Ex. 1.

Since the commencement of Plaintiff's removal proceedings, he has filed at least sixteen cases in federal court related to his immigration status.  Doc. 11, p. 2, n.3.[1]  The instant case arises from a presently stayed action, Case No. 6:10-cv-279-MSS-KRS ("279 Action").  *Id.* at 2. In the 279 Action, Plaintiff challenged the denial of his visa petition and asked the court to compel defendants to approve his petition.  The Court issued an order staying the 279 Action pending the resolution of Plaintiff's removal proceedings ("Stay Order").  Case No. 6:10-cv-279, Doc. 53, p. 2.  The Court denied Plaintiff's Motion to set aside the Stay Order because a party can only seek relief from a final judgment.  *Id.*, Doc. 76; *see* Fed. R. Civ. P. 60(b).

In this action, Plaintiff alleges that Defendants committed fraud by fabricating an official administrative record filed in the 279 Action.  Doc. 1.  Plaintiff argues that Defendants' actions interfered with his access to the courts, alleging violations of the First and Fifth Amendments

---

[1] The Report and Recommendation provides a list of the cases Plaintiff has filed regarding his immigration status.  *See* Doc. 11, p. 2, n. 3.

based upon *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971) ("*Bivens* claim"). *Id.* ¶¶ 21-26. Plaintiff filed a Motion for Leave to Proceed *In Forma Pauperis*, which was referred to the Magistrate Judge. Doc. 2. On October 3, 2012, the Court adopted the Report and Recommendation of the Magistrate Judge (Doc. 5), dismissing Plaintiff's claim with prejudice for the following reasons: (1) allowing the action to proceed would permit Plaintiff to impermissibly collaterally attack the Stay Order; (2) Plaintiff failed to properly plead a *Bivens* claim because he did not allege an underlying cause of action and could not state a distinct injury, given the 279 Action is still pending; (3) Plaintiff named individuals in supervisory roles as Defendants, but failed to allege that those Defendants individually participated in violating Plaintiff's rights or that their actions caused the violation of Plaintiff's rights as required in a *Bivens* claim; (4) because the 279 Action was stayed pending resolution of Plaintiff's removal proceedings, even if Defendants did file a fraudulent administrative record, it could not have interfered with Plaintiff's access to the courts because the 279 Action was stayed for another purpose. *See* Order, Doc. 7.

Plaintiff seeks to appeal from the Court's Order, arguing that the Court "erred in dismissing Plaintiff's complaint for failure to state a claim and denying him the opportunity to amend the complaint." Doc. 10. Plaintiff moves to pursue his appeal *In Forma Pauperis.* Doc. 9.[2]

## II.   STANDARD

When a party makes a timely and specific objection to a finding of fact in a report and recommendation, the district court should make a *de novo* review of the record with respect to

---

[2] Plaintiff filed an Affidavit Accompanying Motion for Permission to Appeal in Forma Pauperis, which is not accompanied by any motion. *See* Doc. 9. The Court construes the Affidavit as Plaintiff's Motion to Proceed *In Forma Pauperis.*

the factual issues.  28 U.S.C. § 636(b)(1); *U.S. v. Raddatz*, 447 U.S. 667, 674 (1980); *Jeffrey S. v. State Board of Education of State of Georgia*, 896 F.2d 507, 512 (11th Cir. 1990).  Federal Rule of Civil Procedure 72(b)(2), in pertinent part, provides that "a party may serve and file specific written objections to the proposed findings and recommendations."   Once a timely objection to the Report and Recommendation is made, the district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C).  The district judge may accept, reject, or modify in whole or in part, the report and recommendation of the magistrate judge.  Fed. R. Civ. P. 72(b)(3).  The district judge may also receive further evidence or recommit the matter to the magistrate judge with further instructions.  *Id.*   The district judge reviews legal conclusions de novo, even in the absence of an objection.  *See Cooper-Houston v. Southern Ry.*, 37 F.3d 603, 604 (11th Cir. 1994).

## III.   ANALYSIS

In the Report and Recommendation, Magistrate Judge Smith reiterates that this Court has already determined that Plaintiff's Complaint lacks merit and any attempt to amend it would be futile.  Doc. 11, p. 5 (citing Order, Doc. 7, p. 7).   The Court agrees that Plaintiff's appeal lacks merit and his Motion to Proceed *In Forma Pauperis* should be denied.  *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) ("In deciding whether an IFP appeal is frivolous, a district court determines whether there is a factual and legal basis, of constitutional dimension, for the asserted wrong, however inartfully pleaded."); *Bell v. HCR Manor Care Facility of Winter Park*, 2010 WL 4096849, *2 (M.D. Fla. 2010).

In his Objection, Plaintiff first claims that the Magistrate Judge's Report and Recommendation is "based on erroneous finding of facts related to adjudication of the I-130 visa

petition filed for the benefit of the Plaintiff by his spouse and the I-485 Application for Adjustment of Status filed by the Plaintiff." [3]   Doc. 12, ¶ 3.   Second, or possibly in the alternative, Plaintiff states that he intends to file for voluntary dismissal of his Appeal (Doc. 10) and thus seeks leave to withdraw his Motion to Proceed *In Forma Pauperis* (Doc. 9).   *See* Doc. 12, ¶ 5.

Considering Plaintiff's history of litigation before this Court, despite Plaintiff's representation that he will voluntarily withdraw his pending appeal, the Court will rule on the Motion for Leave to Proceed *In Forma Pauperis* (Doc. 9) which is presently ripe for review.   As Plaintiff has failed to make any persuasive objection to any finding of fact or law in the Report and Recommendation, his Objection lacks merit.   28 U.S.C. § 636(b)(1); *Raddatz*, 447 U.S. at 674.   Therefore, after careful consideration of the Report and Recommendation of the Magistrate Judge, in conjunction with an independent examination of the file, the Court is of the opinion that the Magistrate Judge's Report and Recommendation should be adopted, confirmed, and approved in all respects.

Accordingly, it is hereby **ORDERED and ADJUDGED**:

1. The Report and Recommendation of the Magistrate Judge (Doc. 11) is adopted, confirmed, and approved in all respects and is made a part of this order for all purposes, including appellate review.

2. Any appeal by Petitioner would not be taken in good faith.

---

[3] Plaintiff argues that the October 24, 2012 correspondence from USCIS supports this claim that decisions on his I-130 and I-485 Petitions were never issued. *See* Doc. 12, p. 1.  However, the USCIS correspondence Plaintiff attaches specifically confirms that Plaintiff's I-130 Petition was denied on December 6, 2012. *Id.* at 4.

3. Plaintiff Anesh Gupta's Motion for Leave to Proceed *In Forma Pauperis* (Doc. 9) is

**DENIED.** Petitioner is not entitled to appeal as a pauper and shall pay the appellate

filing fee.

**DONE** and **ORDERED** in Orlando, Florida on December 11, 2012.

Charlene Edwards Honeywell
United States District Judge

**Copies furnished to:**
Counsel of Record
Unrepresented Parties
U.S. Magistrate Judge Thomas B. Smith